Curia, per

Dargan, Ch.
From the view which the Court has taken of this case, I am relieved from the necessity of discussing the embarrassing questions raised and discussed on this appeal. I am not called on to apply, as the Chancellor did in his decree, the doctrine asserted to have been determined in the cases of Patterson v. Develin and Robertson v. Collier. This case does not call for any expression of opinion on the questions raised in those cases. I, therefore, express no opinion as to the extent of the liability of the tenant for life of personal property, to the remainderman, in cases like those alluded to.
This case is adjudged upon the strong and peculiar phraseology of the testator’s will, and a manifest intention appearing from the expressions he has employed in the gift to his wife for life, and the limitation over. In the first place, it is a case entirely different from that of Robertson v. Collier. It is not the case of a gift of a plantation, negroes, stock, provisions, &c. to one for life, with remainder over to another. Thomas Finley, by his will,' gave, out of nineteen negroes, (one of them old and a charge) six of said negroes, and a considerable portion of his household goods, to his wife, Jane Finley, to her, her heirs and assigns forever. And, that she might have a comfortable support and maintenance, he gave her the tract of land on which he lived, together *85 with all his other negroes and property, of every kind whatsoever, that lie should die possessed of, for her use during her natural life. At his death, the surviving wife, under the last mentioned clause, took into her possession, and has enjoyed, all the property given to her for life; consisting, (besides the laud and the negroes) of $283 in cash, and of various articles of personal property, generally possessed’by a planter of his means, living on his farm; namely, of horses, cattle, hogs, sheep, carriage, wagons, agricultural implements, and provisions. Jane Finley being dead, her personal representative is called upon to account to the remainderman for the various articles of personal property, of which, by the will, she was to have the use during her life. And some of the articles being consumable in their use, and having been consumed, and some of them having been totally worn out, by the wear and tear incident to their use and the operation of time, and others, though remaining, having become deteriorated in value from the same causes, the question is, upon what principle is the estate of the life tenant to account?
This Court discovers in the will itself a solution of this question. The second clause of the will is as follows:— “ after the death of my wife, Jane, and after the payment of the several legacies, &c. I give and bequeath to Reuben Finley, of the State of Tennessee, <fcc. the aforesaid tract of land, together with all the negroes, and all the property belonging to my estate, of what kind soever, real and personal, at the death of my said wife, Jane, to him and his heirs forever.” The Court is of the opinion, that the testator intended to give to his wife the use and benefit of the property, specifically, for her life, with all the rights and privileges incident to its possession and enjoyment. All the property belonging to his estate at the death of his wife, he gave to Reuben Finley after the death of his loife. Such as the property remained, at the death of his wife; in the condition it was, after her specific and legitimate use of it during her life, it was to go over to Reuben Finley. It follows from this, that her estate is not responsible for articles that were consumable in their use; nor for the horses, mules or oxen, that died from disease or old age; nor for the destruction of articles that were worn out and went to decay in their lawful use; nor for the deteriorated value of those that remain, whose value has been impaired by the abrasions of time. In regard to the articles that are forth-coming, as well as those that are not, the question will be, whether they have been rightfully used and enjoyed by the tenant for life. If this be decided in the affirmative, the estate of the life tenant is not liable, and the remainderman must take the articles that remain, in the condition in which he finds them. *86 In regard to the cash, the principal must be accounted for, an(j ag t0 jjye st0CiC) jn flocks or herds, the rule is, that the original stock must be kept up or accounted for. These are re-productive, and, with good management, perpetuate themselves. Yet even in regard to this kind of property, the life tenant will be permitted to shew that they have been destroyed or diminished without neglect or default on her part.
The decree is modified, and the report is referred back to the Commissioner, with instructions to state the accounts in conformity with this decree. In all other respects the decree is affirmed and the appeal dismissed.
Johnston & Dunkin, CC. concurred.

Decree modified.